MERCIER v. CLESI (CLESI, Inc., Intervener).

No. 14045.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Frederick G. Veith, of New Orleans, for appellant Alfred Mercier.

Prowell, McBride & Ray, of New Orleans, for appellee N. J. Clesi, Inc.

WESTERFIELD, J.

Plaintiff herein, Alfred Mercier, obtained a judgment against Nicholas J. Clesi and caused a fi. fa. and garnishment to issue

against Emanuel L. Weil, notary public. Mr. Weil answered that he had in his possession $200 belonging to Clesi, which he was willing to dispose of as the court might order. Nicholas J. Clesi, Inc., thereupon intervened and claimed ownership of the $200 in the hands of Weil, and asked that Mercier be ordered to show cause why the garnishment, in so far as it was directed against the $200, should not be canceled and set aside and intervener be declared to be the owner of the money on deposit with Weil. From a judgment making the rule absolute, Mercier has appealed.

The question presented for our consideration is whether the money in the hands of Weil belongs to N. J. Clesi individually, or N. J. Clesi, Inc. The sum in question represents commission earned in the sale of certain property, and it appears, from the agreement of sale, that N. J. Clesi was the broker who had earned the commission, since the letters "Inc." are omitted and the agreement on its face seems to have been entered into by the individual Clesi and not by the corporation of N. J. Clesi, Inc. N. J. Clesi, who is the president of N. J. Clesi, Inc., testified that at the time of the transaction, from which the $200 credit arose, he was not individually engaged in the real estate business, in fact had no real estate broker's license, and that the corporation did have a license and that the sale was negotiated by the corporation; the letters "Inc." having been inadvertently omitted. A salesman, by the name of Murphy, who assisted in the transaction, testified that he was employed by N. J. Clesi, Inc., and not by N. J. Clesi individually, and that "Inc." had been omitted in error.

This testimony was objected to on the ground that it was inadmissible under the parol evidence rule for the reason that it tended to contradict the written contract, which was complete on its face. The objection was overruled and, we think, properly, for the reason that the parol evidence rule applies only to parties to the instrument and those claiming under it, and not between a party to the instrument and a stranger. See Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 623, 105 So. 792, 793 where the following appears:

"Plaintiff, relator here, complains that the Court of Appeal erred in receiving (i. e., considering) parol evidence to show the true facts of the conveyance by Woodward to Jeffries, thus contradicting the recital of the deed that the consideration thereof was cash, and to that end relies on Revised Civil Code, art. 2276 (formerly 2256), reading as follows:

"Article 2276 (2256): 'Neither shall parol evidence be admitted against or beyond what is contained in the (written) acts. * * *'

"But already as far back as Finley v. Bogan, 20 La. Ann. 443, this court had said:

"'The article 2256, C. C. (now R. C. C. 2276), contemplates the parties to the act and their representatives, and not third persons. * * * This rule is too well settled to be now controverted.'

"And the well-settled jurisprudence, which prevails universally, is thus stated in Corpus Juris, vol. 22, pp. 1292, 1293, Verbo, Evidence, § 1725:

"'The rule excluding parol evidence to vary or contradict a written instrument applies only in controversies between the parties to the instrument and those claiming under them. It has no application in controversies between a party to the instrument on the one hand and a stranger to it on the other. * * * *'"

There being no other evidence in the record, we conclude that the $200, which plaintiff seeks to satisfy the judgment he has against N. J. Clesi individually, is the property of N. J. Clesi, Inc., and that therefore the rule declaring the money to be the property of the corporation was properly maintained.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.